8319

### WALL v. WESTERN UNION TELEGRAPH CO.

TELEGRAPH COMPANIES—ISSUES.—In an action against a telegraph company for negligence and wilfulness in failing to deliver a telegram, the evidence as to the name by which the addressee was most commonly known being conflicting, that of the plaintiff being that she called for the message, and in a few days called again when the agent found it in the waste basket; that a suit to which the message related was delayed, and a trip by rail of some distance made useless; that of the defense, that the addressee was not known to the agent; that he inquired of persons most likely to know; that the sender on request refused to guarantee delivery charges; the issues should have been sent to the jury.

Before COPES, J., Hampton, February term, 1912. Reversed.

Action by Mamie Wall against Western Union Telegraph Co. Plaintiff appeals.

*Messrs. W. S. Smith* and *W. H. Townsend,* for appellant, cite: *Unreasonable delay raises presumption of negligence:* 89 S. C. 190. *Nonsuit should not be granted where there is any evidence tending to show damages by negligence or wilfulness:* 72 S. C. 256; 73 S. C. 430; 89 S. C. 567.

*Messrs. Geo. H. Fearons* and *Warren & Warren,* contra. *Messrs. Warren & Warren* cite: *Uncontradicted evidence of effort to deliver relieves of punitive damages:* 77 S. C. 148, 522; 78 S. C. 109. *Rules and regulations:* 71 S. C. 303. *Sender must pay for delivery beyond free limits:* 77 S. C. 174; 74 S. C. 300.

September 18, 1912. The opinion of the Court was delivered by

29—92

MR. JUSTICE WOODS. The plaintiff, who lived in the country two miles from Ridgeland, had instituted, or was about to institute, an action for divorce in Jessup, Ga. On October 15, 1909, her attorney, J. R. Thomas, delivered to the defendant telegraph company for transmission the following message: "Jessup, Georgia, tenth-fifteenth, nineteen hundred and nine. Mrs. Mamie Wall, Ridgeland, S. C. Papers will be ready tomorrow. Come No. 85 train. James R. Thomas." The telegram was not delivered until the plaintiff called for it on October 20, in consequence of a letter received on the subject. The complaint alleges that the delay in delivery was due to the negligence, wilfulness, and wantonness of the defendant, and that thereby the plaintiff "was prevented from keeping an important business engagement in Jessup, was inconvenienced, annoyed, subjected to expense, a trip from Ridgeland, South Carolina, to Jessup, Georgia, which was fruitless for the reason that the said message had not been delivered when called for at defendant's office and otherwise damaged to her injury in the sum of nineteen hundred and ninety-nine dollars." The answer contains a general denial, and the special defenses that the plaintiff lived beyond the free delivery limits at Ridgeland, and the charge for delivery beyond the limits was not paid; and that the plaintiff was not known by the name of Mamie Wall, but by the name of Sallie Nettles or Sally Wall.

At the conclusion of the entire evidence the Circuit Judge granted a nonsuit.

There was testimony on the part of the plaintiff tending to show that her real name by which she was generally known was Mamie Wall, and that she had signed receipts for express packages to the defendant's agent by that name; that on October 15th, she was in Ridgeland and asked for a telegram; that when she called again and received the telegram from the agent he found it in his waste basket; and that the divorce proceedings were retarded by the delay in

the delivery of the message. On the part of the defend-
ant, there was evidence that the plaintiff was not known by
the name of Mamie Wall, but as Sallie Nettles or Sallie
Wall, and that there was another woman living some dis-
tance from Ridgeland whose name was Mamie Wall; that
the defendant's agent did not know the plaintiff as Mamie
Wall and that he made inquiries for Mamie Wall of persons
most likely to know her and was informed that no such per-
son was living in Ridgeland; that he sent a service message
requesting payment or guaranty of the charge for delivery
of the message to the other woman known as Mamie Wall
living beyond the free delivery limits, and that the sender of
the message refused to pay or guarantee the charge.

This general statement is, we think, sufficient to show
that there was an issue made by the evidence on the decision
of which by the jury the verdict would depend.

Reversed.